# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pattijo Patterson, <br><br> Plaintiff, <br><br> vs. <br><br> Michael J. Astrue, Commission of the Social Security Administration, <br><br> Defendant. | No. CV 08-649-TUC-RCC <br><br> **ORDER** |

On March 18, 2010, the Honorable Jacqueline Marshall, United States Magistrate Judge, filed a Report and Recommendation ("Recommendation") in this action (Doc. 19). The Recommendation advised the Court to DENY the Plaintiff's Motion for Summary Judgment (Doc. 12).

On March 29, 2010, Plaintiff filed objections to the Recommendation. Plaintiff contends that the Magistrate Judge failed to apply the proper legal standards in the social security appeal. Defendant did not file a reply.

   i.  Administrative Law Judge Credibility Findings

Plaintiff argues that the Magistrate Judge applied the wrong legal standard when the Judge cited *Silver v. United States Postal Service*, 951 F.2d 1033, 1042 (9th Cir. 1991), for proposition that administrative law judges are given "great deference" when making

credibility determination. Pl. Obj. at 2. Plaintiff contends that this case does not apply to social security cases. Plaintiff alleges the *Burnell v. Sullivan*, 947 F.2d 341, 345-56 (9th Cir. 1991)(*en banc*) should apply. After reviewing the record and case law, the District Court finds that the Magistrate Judge's citation to *Silver* was not erroneous. The Magistrate Judge did not ignore Ninth Circuit law. In fact, Magistrate Judge cited the *Burnell*. The Court does not find an error.

Next, Plaintiff argues that Magistrate Judge failed to apply the proper legal standard to evaluate and weigh the treating physician's opinion against the record as a whole. In particular, Patterson argues that the administrative law and the Magistrate Judge erroneously rejected treating physician Dr. Archambault's, and psychologist Dr. Duperret's opinions. After review of the record and the Recommendation, the Court finds that Magistrate Judge did not commit an error.

Lastly, Plaintiff argues that the Magistrate Judge misapplied the *Burnell* standard, when the Magistrate Judge failed to cite any evidence of malingering and state "clear and convincing" reasons for discrediting her testimony. Plaintiff argues that these findings are required before a judge could reject the Plaintiff's subjective complaints of pain that exceed objective medical findings. Pl. Obj. 3. Plaintiff alleges that the Magistrate Judge rejected the plaintiff's subjective complaints because they exceeded the objective medical evidence. Plaintiff notes correctly that "an adjudicator may not reject a claimant's subjective complaints based soley on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Burnell*, 947 F.2d at 345. After reviewing the record, the Court finds that the Magistrate Judge did not commit an error. The medical evidence presented supports Plaintiff's subjective complaints of pain but the alleged intensity, duration, and limiting effects are inconsistent. Since 2004, the medical record(opinion and testing) shows that the Plaintiff has been generally successful in controlling her disabling symptoms. There is also evidence that shows she was able to perform some household chores and run errands. This along with the lack of objective medical evidence and medical treatment notes that supports the magistrate judge's finding.

The Court considers the Recommendation (Doc. 10) to be thorough and well-reasoned. After a thorough and de novo review of the record, the Court will ADOPT the Recommendation of Magistrate Judge Marshall. Therefore,

**IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Marshall's Report and Recommendation (Doc. 19).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is denied.(Doc. 12).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case and enter judgment accordingly.

DATED this 13th day of July, 2010.

Raner C. Collins
United States District Judge